UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HODGES,

    Plaintiff,

Case No. 13-12293

Honorable John Corbett O'Meara

v.

STATE OF MICHIGAN,

    Defendant.
                                         /

**ORDER DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
GRANTING DEFENDANT'S MOTION TO DISMISS, AND
DENYING AS MOOT DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

    This matter came before the court on defendant State of Michigan's July 24, 2013 motions to dismiss and for protective order and plaintiff Larry Hodges' August 19, 2013 motion for summary disposition. Responses were filed to the dispositive motions; no oral argument was heard.

**BACKGROUND FACTS**

    Plaintiff Hodges filed a *pro se* complaint in this court May 22, 2013, alleging that his civil rights were violated when all three tiers of Michigan's judiciary ruled against him in his state court action. In that lawsuit, Plaintiff claimed that after he was taken to Henry Ford Hospital ("HFH"), a nurse mistook him for an armed trespasser and hospital security assaulted him. HFH filed a motion to dismiss, and the Wayne County Circuit Court granted the motion and subsequently denied Hodges' motion for relief from judgment. Hodges then unsuccessfully appealed to the Michigan Court of Appeals and the Michigan Supreme Court.

    Plaintiff Hodges filed this federal action, naming the State of Michigan as the only defendant. He claims he was not allowed to litigate his case because he is African American and was

unrepresented by counsel. The State of Michigan has moved to dismiss the complaint, and Plaintiff has moved for summary disposition, which this court will interpret as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## LAW AND ANALYSIS

It is well-established that the Eleventh Amendment of the United States Constitution bars federal lawsuits against states unless that immunity has been abrogated or waived by the state. See Alabama v. Pugh, 438 U.S. 781 (1978); Alden v. Maine, 527 U.S. 706 (1999).

In this case although Plaintiff does not expressly state the legal grounds for his claims, it appears as though he is advancing a claim for constitutional violations under 42 U.S.C. § 1983. Section 1983, however, does not abrogate the Eleventh Amendment bar because a state is not deemed a "person" under §§ 1983 or 1985. Will v. Michigan Dep't of State Police, 491 U.S. 71 (1989). Therefore, Plaintiff's complaint is barred by the Eleventh Amendment and must be dismissed.

Even if the complaint were not barred by the Eleventh Amendment, it would otherwise be barred by the Rooker-Feldman Doctrine, which "stands for the simple . . . proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court . . . ." Anderson v. Charter Twp. of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001). Plaintiff Hodges' complaint is an attempt to have his state court case reviewed by this court. However, this court lacks jurisdiction to do so. Accordingly, on this basis, too, the court must grant Defendant's motion to dismiss.

For the reasons stated above, the court cannot grant Plaintiff's motion for summary judgment under Rule 56.

## ORDER

It is hereby **ORDERED** that plaintiff Hodges' motion for summary judgment is **DENIED.**

It is further **ORDERED** that defendant State of Michigan's motion to dismiss is **GRANTED.**

It is further **ORDERED** that defendant State of Michigan's motion for protective order is **DENIED AS MOOT.**

> s/John Corbett O'Meara
> United States District Judge

Date: August 30, 2013

 

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 30, 2013, using the ECF system and/or ordinary mail.

> s/William Barkholz
> Case Manager